**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

RONELSON PENEL                  :
           Petitioner,           :
                                 :
          v.                    :       Civil No.: 2:26-cv-04542
                                 :
RIFE, et al.,                 :
          Respondents.      :

**ORDER**

**AND NOW**, this 6th day of July, 2026, upon consideration of the Petition for Writ of

Habeas Corpus (ECF No. 1) and the Government's Letter dated July 6, 2026 (ECF No. 3), **IT IS**

**HEREBY ORDERED** as follows:

     1.      The Petition (ECF No. 1) is **GRANTED**;[1]

---

    [1] Mr. Penel is a citizen of Haiti who lawfully entered the United States on May 25, 2023, through the Department of Homeland Security's Humanitarian Parole Program and has remained in the country since that time. *See* Verified Pet. for Writ of Habeas Corpus ("Habeas Pet.") ¶¶ 1–3 (ECF No. 1). Mr. Penel is also a beneficiary of Temporary Protected Status for Haitians, has been authorized to work in the United States, and has no criminal record. *See id.* At the time of his arrest, he resided in Philadelphia, Pennsylvania. *See id.* On June 27, 2026, officers with Immigration and Customs Enforcement ("ICE") arrested Mr. Penel without a warrant outside the Seven Brothers Supermarket in North Philadelphia and detained him at the Philadelphia Federal Detention Center. *See id.*

    The Government contends that (1) this Court lacks jurisdiction to intervene in removal proceedings, (2) Mr. Penel is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and (3) Mr. Penel's detention does not offend due process. The vast majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025).

    The Government also mentions in a footnote that it is appealing *Lopes De Andrade v. Director Philadelphia Field Office Immigration and Customs Enforcement, et al.*, No. 26-1454 (3d Cir.), and *Buele Morocho v. Warden Philadelphia FDC, et al.*, No. 26-1150 (3d Cir.), but those

2.      Mr. Penel is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

3.      The Government shall **RELEASE** Mr. Penel from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **5:00 p.m. ET on July 9, 2026**;

4.      If the Government chooses to pursue re-detention of Mr. Penel pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

5.      The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

/s/ John M. Gallagher
JOHN M. GALLAGHER
United States District Court Judge

---

matters remain pending. *See* Letter from Peter Carr, Assistant United States Attorney, to Judge John M. Gallagher (July 6, 2026) (ECF No. 3).

Accordingly, Mr. Penel's mandatory detention without the opportunity for a bail hearing is unlawful.

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.